UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| W. AMARIS, | Case No. 6:25-cv-01371-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; CORPORATION SERVICE COMPANY (CSC), | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff W. Amaris brings this action against Defendants Experian Information Solutions, Inc. and Corporation Services Company, and has filed an Application to Proceed *in forma pauperis* ("IFP") and a Motion to Proceed using Pseudonym. ECF Nos. 1-3. For the following reasons, Plaintiff's Application to Proceed IFP is granted. However, the Clerk of the Court shall not issue process until further order of the Court because Plaintiff's Complaint is dismissed and Plaintiff is granted 30 days to amend her Complaint. Plaintiff's Motion to Proceed Using Pseudonym is granted.

**BACKGROUND**

Plaintiff's Statement of her claim reads, in its entirety:

> I am a survivor of human trafficking and domestic violence. In 2025, a court ordered my name changed and Via disputes i requested a block all old names and addresses, under ACP human trafficking protections. I sent this order and dispute letters to Experian and Equifax, but both companies continued to report my former name and addresses. This caused me to be denied credit, housing, and employment. I suffered emotional and financial harm. I am seeking $250,000 in damages for failing to correct or block the information as required.

ECF No. 1.

**DISCUSSION**

I.   **Motion to Proceed Under Pseudonym**

A Plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings, and Fed. R. Civ. P. 10(a)'s command that the title of every complaint include the names of all the parties." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000). However, a Plaintiff may proceed pseudonymously "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Id.* at 1068 (quotation marks and citation removed). Here, Plaintiff alleges that she is a participant in Oregon's Address Confidentiality Program as a human trafficking and domestic abuse survivor. At this stage of the case, the Court finds that the potential harm of requiring Plaintiff to publicly identify herself outweighs the public's interest in knowing Plaintiff's identity. Plaintiff may proceed pseudonymously. Plaintiff's true identity and address shall be filed under seal and disclosed only to the Court and defense counsel, subject to a protective order. Because Defendants have not yet appeared in this case—and therefore had no opportunity to object—the motion is granted without prejudice to Defendants filing a later motion objecting to Plaintiff's pseudonymous appearance.

## II. IFP Application

"The right to proceed in forma pauperis is not an unqualified one. It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). An application for IFP status is sufficient if "it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "A plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Id.* at 1234 (quoting *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

A review of Plaintiff's IFP Application indicates Plaintiff is unable to afford the costs of this litigation. Plaintiff is an unemployed student, receiving a limited amount of student aid, and is 100% responsible for supporting her minor child. Plaintiff's IFP Application is therefore granted.

## III. Mandatory Screening

### A. Standard

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) ("allegations of material fact are taken as true and construed in the light most favorable to [plaintiff]").

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp.*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

    **B.**    **Analysis**

Here, Plaintiff fails to plead facts sufficient for the Court the understand both the nature and factual basis for her claim. The legal basis of Plaintiff's claim is not apparent from the body of the Complaint itself, but the cover page attached to the Complaint indicates that Plaintiff relies on the Fair Credit Reporting Act. 15 U.S.C. § 1681 et seq. Assuming that the Court can look beyond the body of the Complaint, neither the Complaint nor the cover page indicate which provision of the Fair Credit Reporting Act Defendants are alleged to have violated. Nor is the legal basis for her claim apparent from Plaintiff's short and vague statement of the facts. Without

the ability to discern the nature of Plaintiff's claim, either from citation to statutory provisions or sufficient facts to make an inference, the Court cannot evaluate whether she has alleged facts sufficient to state a claim under the Fair Credit Reporting Act. Plaintiff's Complaint is therefore dismissed.

Ordinarily, self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted). Because it is not clear this Complaint could not be cured by amendment, the Court will permit Plaintiff an opportunity to amend her Complaint and address the deficiencies identified above. Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

## CONCLUSION

For the reasons above, Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 2, is GRANTED. However, Plaintiff's Complaint is DISMISSED. Plaintiff has leave to amend her Complaint within 30 days of the date of this Order. The Clerk of the Court shall not issue process until further order of the Court.

DATED this 9th day of September 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge